UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8165 CAS (PLAx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC (B.V.I.) CO., LTD V. INVISION INDUSTRIES INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| JAYSEN CHUNG<br>PAUL MA | KATHRYN MARSHALL | |

**Proceedings:** **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OR ARGUMENT RELATING TO SUCCESSOR LIABILITY** (filed 05/11/12)

### I.    INTRODUCTION AND BACKGROUND

On October 29, 2010, plaintiff Evervictory Electronic B.V.I. Co., Ltd. ("Evervictory") filed its complaint in the instant action against defendants Invision Industries, Inc.("Invision"), Invision Automotive Systems, Inc. ("Automotive"), Audiovox Corp ("Audiovox"), and Does 1 to 10 inclusive, alleging claims for: (1) breach of contract; (2) open book account; and (3) common counts.[1] The Complaint alleges that Evervictory entered into a series of written contracts with the defendants for the manufacture and sale of DVD players and monitors.  Compl. ¶ 10.  The Complaint further alleges that defendants breached the contracts by failing to pay for the merchandise.  Id. ¶ 15.  No allegation of successor liability appeared in the Complaint.

On August 3, 2011, the Court granted Evervictory's motion for leave to file a first amended complaint ("FAC"), which Evervictory filed on April 15, 2011.  The FAC asserted claims for: (1) breach of contract; (2) open book account; (3) common counts; (4) fraudulent conveyance with actual intent to defraud; (5) fraudulent conveyance resulting in insolvency; (6) fraudulent conveyance with insufficient consideration; (7)

---

[1] On April 8, 2011, plaintiff voluntarily dismissed defendant Invision from the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8165 CAS (PLAx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC (B.V.I.) CO., LTD V. INVISION INDUSTRIES INC., ET AL | | |

conspiracy; and (8) conversion. Dkt. No. 30. The FAC was also devoid of any allegation of successor liability.

On October 3, 2011, the Court granted defendants' motion to dismiss the FAC with leave to amend. On October 20, 2011, Evervictory filed its operative Second Amended Complaint ("SAC"). The SAC alleges claims for (1) breach of contract, (2) open book account; (3) common counts; (4) fraudulent conveyance with actual intent to defraud; (5) fraudulent conveyance resulting in insolvency; (6) fraudulent conveyance with insufficient consideration; and (7) conspiracy. Nowhere in the SAC is there a claim asserting successor liability.

On April 25, 2012, over six months after the SAC was filed, and five months after the December 2, 2011, discovery cut-off, Evervictory's counsel sent a letter to defendants' counsel requesting that defendants stipulate to permit Evervictory to amend the SAC to include a claim for successor liability. Esensten Decl., ¶ P, Ex. 2. In response, defendants' counsel advised Evervictory's counsel that they would be available on May 2, 2012 to conduct a telephonic meet and confer pursuant to Local Rule 7.3 regarding Evervictory's proposed amendment. Id. ¶ 6, Ex. 3. On May 2, 2012, Evervictory's counsel asserted that a motion to amend would not be necessary because "[t]he issue of successor liability is handled by agency allegations." Id. ¶ 7, Ex. 4.

On May 11, 2012, defendants filed the instant motion in limine to exclude evidence or argument relating to successor liability. Evervictory filed its opposition on May 25, 2012. The Court heard oral argument on June 4, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

Defendants argue that the SAC failed to provide notice that Evervictory would seek to proceed under a theory of successor liability, and therefore that Evervictory should be precluded from presenting any evidence or argument relating thereto. Mot. at 6. Further, defendants contend that Evervictory should not be permitted to amend the SAC at this stage because such amendment would be unduly prejudicial. Id. at 8–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8165 CAS (PLAx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC (B.V.I.) CO., LTD V. INVISION INDUSTRIES INC., ET AL | | |

In opposition, Evervictory argues that defendants failed to give sufficient notice of their motion and that it was not served electronically in violation of Local Rule 6-1. Opp'n at 2.  Further, Evervictory contends that defendants violated the motion cut-off date and the motion in limine deadline, and that successor liability is set forth in the pretrial conference order approved by the Court.  Id. at 2–3.

The Court finds that plaintiff should be precluded from introducing evidence or argument related to successor liability.

It is well established in the Ninth Circuit, that where a theory or claim is not pled in the complaint, a party may not submit evidence as to that theory or claim because a plaintiff must provide the defendant "fair notice" of its alleged liability.  Dream Games of Arizona, Inc. v. PC Online, 561 F.3d 983, 995 (9th Cir. 2009) (affirming trial court's refusal to permit plaintiff to proceed on claim of secondary liability as this theory was not alleged in the complaint) (citation omitted); see also Hughes v. W. MacArthur Co., 192 Cal. App. 3d 951, 955 (Cal. Ct. App. 1987) ("The complaint also limits the proof that may be submitted, because it advises the court and the adverse party of what plaintiff relies on as a cause of action.").

Here, successor liability was not pled in the operative SAC and was not timely raised as a theory of liability.  Evervictory has therefore failed to adequately place defendants on notice of this theory and has thereby prevented defendants from seeking relevant discovery and from addressing successor liability by way of a dispositive pretrial motion.  In reaching this conclusion, the Court rejects the suggestion by Evervictory that its agency and alter-ego allegations suffice to place defendants on notice of its intention to pursue relief for successor liability.  Successor liability, agency, and alter-ego are three distinct concepts that arise in distinct circumstances.  See Butler v. Adopts Media, LLC, 486 F. Supp. 2d 1022, 1063–71 (N.D. Cal. 2007) (analyzing successor liability and alter-ego separately).  Because successor liability is a distinct theory not previously asserted in this action, to allow Evervictory to add this theory at this late stage in the proceedings would result in unfair surprise and prejudice to defendants.  Accordingly, even though the SAC alleges claims for relief based on agency and alter-ego theories, these are insufficient to place defendants on notice of claims for successor liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8165 CAS (PLAx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC (B.V.I.) CO., LTD V. INVISION INDUSTRIES INC., ET AL | | |

Nor is it persuasive that the pretrial conference order discusses successor liability. While a "pretrial order generally supersedes the pleadings," Patterson v. Hughes, 11 F.3d 948, 950 (9th Cir. 1993) (per curiam), here Evervictory included its claim for successor liability in the pretrial conference order over defendants' express objection, see Dream Games, 561 F. 3d at 995 ("When a party has objected to the introduction of evidence on a new issue, the opposing party cannot later seek to amend the pleadings to conform to the evidence on the ground that the party impliedly consented to the trial of that issue."). Thus, it cannot be legitimately argued that the inclusion of references to successor liability in the pretrial conference order cures Evervictory's failure to raise this theory at an earlier point in the case.[2]

In addition, the Court finds that permitting Evervictory to amend its complaint a third time at this late stage—after the discovery and motion cut-offs and on the eve of trial—would unduly prejudice defendants, who did not conduct any discovery on the issue of successor liability. See Peterson v. California, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery" because such untimely amendments "unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading.").

### III.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion in limine to preclude evidence or argument relating to successor liability.

IT IS SO ORDERED.

| | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Evervictory's procedural arguments are also unavailing. Most of these arguments go to the timeliness of defendants' motion and require the Court to ignore that defendants' filing after certain deadlines had passed was directly due to Evervictory's failure to raise successor liability before these deadlines.