UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Not Present | Kathryn Marshall | |

**Proceedings:** **DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES** (filed July 27, 2012)

## I. INTRODUCTION & BACKGROUND

On July 27, 2012, defendants Invision Industries, Inc., Invision Automotive Systems, Inc., and Audiovox Corporation filed the instant motion for attorneys' fees and nontaxable expenses. Dkt. No. 80. Defendants argue that as the prevailing parties to contract claims whereby plaintiff had claimed a right to attorneys' fees, they are entitled to an award of attorneys' fees under California Code of Civil Procedure § 1717.

The Court found after a bench trial, *inter alia*, that as to plaintiff's contract claims (first through third claims):

> 28. Plaintiff has not established the existence of a valid contract as between plaintiff and Automotive. There is no contractual privity as between plaintiff and Automotive.
>
> 29. Plaintiff has not established the existence of a valid contract as between plaintiff and Audiovox. There is no contractual privity as between plaintiff and Audiovox.

Dkt No. 75. As to plaintiff's fraud claims (fourth through sixth claims), the Court found that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

> 50. Automotive did not act with the actual intent to hinder, delay or defraud any creditor of IDB in connection with the Purchase Agreement.
>
> 52. Audiovox did not act with the actual intent to hinder, delay or defraud any creditor of IDB in connection with the Purchase Agreement.

Id. Judgment was therefore entered for defendants on these claims, and this motion followed. The Court held a hearing on August 27, 2012, and again on October 22, 2012. Counsel for plaintiff were not present and never otherwise opposed this motion. After considering defendants' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Award of Attorneys' Fees under California Civil Code § 1717

Section 1717(a) addresses recovery of attorney fees in contract actions, providing that:

> In any action on a contract, where the contract specifically provides that attorneys' fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorneys' fees in addition to other costs.

Id. This provision sets forth a reciprocity principle for the provision of attorneys' fees under California law—if one party is entitled to receive such fees under contract, then the other party to the contract is also entitled to receive the same if it in fact prevails. Additionally, the California Supreme Court has held that:

> The second situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation "by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." [Citation omitted]... To ensure mutuality

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

of remedy in this situation. . . when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed.

Santisas v. Goodin, 17 Cal. 4th 599, 611 (1998). Nonetheless, section 1717 requires "that the party claiming a right to receive fees establish that the opposing party *actually would have been entitled to receive them* if he or she had been the prevailing party." Leach v. Home Savings & Loan Assn., 185 Cal. App. 3d 1295, 1307 (1986) (emphasis added).[1] Section 1717 is limited to the attorney fees incurred to litigate contract claims in an action where a plaintiff asserts more than one type of claim for relief. See Santisas, 17 Cal. 4th at 615.

III. ANALYSIS

    A.    Attorneys' Fees

Defendants move for an award of attorneys' fees pursuant to section 1717. It is undisputed that they are the prevailing parties in this matter and that judgment has been entered, so defendants correctly point out that two questions remain: (1) "whether the

---

[1] A California Court of Appeals has explained this principle as follows:

> Where a plaintiff claims breach of a contract containing an attorney fee provision and the defendant asserts there is no contract and wins, it will have established that there is no contract and, hence, no attorney fee provision. Nevertheless, since the plaintiff would have been entitled to attorney fees if the plaintiff had succeeded in proving there was a contract, courts have recognized a right of the defendant to recover attorney fees even if defendant proves there was no contract, in order to further the purposes of Civil Code section 1717.

M. Perez Co. v. Base Camp Condominiums Ass'n No. One, 111 Cal. App. 4th 456, 467 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

contracts that Plaintiff's SAC alleges were breached by defendants" actually would have entitled plaintiffs to attorneys' fees if they had been the prevailing party; (2) "whether the attorney's fees requested by Defendants" are reasonable. Def.'s Mot. at 3–4.

Under California law, even where a defendant proves that an alleged contract is "inapplicable" or "nonexistent," section 1717 still "permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." Santisas, 17 Cal. 4th at 611. See also Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC, 162 Cal. App. 4th 858, 897 (2008) ("[W]here a nonsignatory is sued on the ground that he stands in the shoes of a party to the contract, and where he would be liable for fees if that claim succeeded, he may recover fees under section 1717 if he defeats the claim."). Therefore, although the Court found that no valid contract existed between the parties, defendant may still be entitled to attorneys' fees pursuant to section 1717 *if* the purported contract entitled plaintiff to such attorneys' fees.

In support of their argument that plaintiff would have been entitled to attorneys' fees had it prevailed, defendants contend that plaintiffs' Second Amended Complaint ("SAC") and the Pretrial Conference Order set forth plaintiffs' request for attorneys' fees pursuant to contract, although only the Pretrial order states such fees are sought pursuant to contract. See Dkt. No 57, Joint Pretrial Conference Order at 28 ("Plaintiff requests an award of the attorney's fees in the sum of $200,000 pursuant to contract and case law."). However, the Court notes that in the same Joint Pretrial Conference Order, defendants state that plaintiff "is not entitled to an award of attorney's fees even in the unlikely event that it prevails on any cause of action as Plaintiff will not be able to prove that a written contract exists between these parties that would allow the award of attorney's fees." Id. at 29.

Here it is not disputed that no contract has been produced, nor any provision identified, that gives rise to a claim for attorneys' fees. See Mot. at 5–6 (noting that the "back sides" of the purchase orders, where the attorneys' fee provision supposedly resides, have never been produced).

After the Court held a hearing on August 27, 2012, defendants served plaintiff's counsel with written production requests seeking to obtain the "back sides" of the

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

contracts that purportedly contained the attorneys' fees clause. Decl. of Kathryn Marshall ¶ 5. Plaintiff's counsel responded that he had no such documents, despite conducting a "diligent search." Marshall Decl. Ex. 2. As such, because of plaintiff's alleged "stonewalling," defendants now contend that the Court "should presume" that the contracts at issue contain an attorneys' fees provision. The Court declines to engage in such a speculative exercise. Although an award of attorneys' fees is ultimately an "equitable" decision, Santisas, 17 Cal. 4th at 613, a party must still meet their burden under section 1717 of demonstrating that the plaintiffs would have been actually entitled to such fees under the language of the contract had they prevailed. Defendants have not demonstrated the "existence" of contractual language to this effect here; therefore, section 1717 simply does not apply.

Moreover, plaintiff's "admissions" in its SAC and Joint Pretrial Order that it would be entitled to such fees are not sufficient for this purpose; plaintiff must "*actually* have been entitled to receive" fees for section 1717 to apply. Leach, 185 Cal. App. 3d at 1307 (emphasis added). Without evidence as to what language, if any, in the contract entitled plaintiff to attorneys' fees, the Court is unable to determine whether plaintiff would have been entitled to such fees if it prevailed. The best evidence that defendants can muster is plaintiff's conclusory statement in the pretrial conference order—one that defendants disputed—that plaintiff would be entitled to attorneys' fees pursuant to "contract and case law." See Dkt. No 57, Joint Pretrial Conference Order at 28. This statement is not evidence of anything; plaintiff does not even cite to a specific provision or section of the contract providing for such fees. For all of these reasons, defendants have not carried their burden of demonstrating that section 1717 applies here.

B.   **Nontaxable Expenses**

California Code of Civil Procedure § 998(c) provides for an award of costs after judgment has been entered for the defendant, where the defendant made a settlement offer prior to trial, the plaintiff refused to settle, and the plaintiff then obtains a judgment that is worth less than the settlement offer. See Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995). Federal law under Federal Rule of Civil Procedure 68 is similar in providing for such costs incurred after an offer of judgment has been made. Id. However, federal and state law differ with respect to the amount of costs that may be awarded for certain expenditures incurred in litigating a case, and federal law controls the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| Case No. | CV 10-8165-CAS (PLAx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | EVERVICTORY ELECTRONIC B.V.I. CO., LTD., V. INVISION INDUSTRIES, INC., ET AL. | | |

amount of costs that may be awarded. Id.; see 28 U.S.C. § 1821. The Court finds that the costs that defendants seek here, related to the travel expenses of a witness incurred after an offer of judgment was made, are permissible expenses under 28 U.S.C. § 1821(c) and (d). Accordingly, the Court awards these costs to defendants.

## IV.  CONCLUSION

In accordance with the foregoing, defendants' request for attorneys' fees is hereby DENIED. The Court GRANTS defendants' request for an award of nontaxable expenses in the amount of $11,932.13.

IT IS SO ORDERED.

00:01
CMJ